IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RAEVON PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00276-SRB |
| ) | |
| JOHN PICKENS, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss and Suggestions in Support. (Doc. #14). For the reasons stated below, the Motion is GRANTED.

### I. BACKGROUND

This case arises from the alleged wrongful search, seizure, and arrest of Plaintiff Raevon Parker ("Parker"). Parker alleges that he was arrested and searched without probable cause on two separate occasions, once in February 2019 and again in August 2019, by Defendants John Pickens ("Pickens"), Michael Wells ("Wells"), Jared Lanaman ("Lanaman"), and Justin Crump ("Crump") (collectively, "Defendants") at an Amtrak train platform in Kansas City, Missouri. Defendants are detectives employed by the Kansas City Police Department. Parker alleges that on both occasions Defendants placed him in handcuffs and, after conducting an unlawful search of both his person and his property, ultimately discovered a small quantity of marijuana in his possession.

Parker filed a *pro se* complaint against Defendants alleging violations of his civil rights under 42 U.S.C. § 1983. Specifically, Parker alleges that on both occasions he was subjected to an unlawful search and seizure, unlawful arrest, and a violation of his due process rights. (Doc. #1, p. 4). On May 15, 2020, Defendants filed an answer to Parker's complaint and, that same

day, filed the instant motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." "Technically, however, a Rule 12(b)(6) motion cannot be filed after an answer has been submitted." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing Fed. R. Civ. P. 12(b)). Since Defendants filed an answer to Parker's complaint (Doc. #13) prior to filing a motion to dismiss (Doc. #14), technically their motion is procedurally late. However, Rule 12(h)(2) permits a defense of failure to state a claim to be advanced in a motion for judgment on the pleadings under Rule 12(c), though the "distinction is purely formal" since a Rule 12(c) motion is reviewed under the same standard that governs a Rule 12(b)(6) motion. *Id.* (citing *St. Paul Ramsey Cty. Med. Ctr. v. Pennington Cty.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). This Court thus construes the instant motion as a motion for judgment on the pleadings. *See, e.g.*, *Woods v. St. Louis Justice Ctr.*, No. 4:06 CV 233 CAS, 2006 WL 2990240, at *1 (E.D. Mo. Oct. 18, 2006) (citing *Westcott*, 901 F.2d at 1488).

To survive a motion to dismiss for failure to state a claim or a Rule 12(c) judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted). The Court must consider all facts alleged in the complaint as true

2

Case 4:20-cv-00276-SRB   Document 17   Filed 06/04/20   Page 2 of 4

when considering a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").

A court should be especially deferential when reviewing the facts in a *pro se* complaint. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) ("A *pro se* complaint must be liberally construed . . . and *pro se* litigants are held to a lesser pleading standard than other parties[.]"). In other words, a *pro se* complaint should be construed "in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). However, a district court should not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 915.

### III. DISCUSSION

In his *pro se* complaint, Parker indicates that his § 1983 claims are solely asserted against Defendants in their official capacity. Defendants, in seeking dismissal, argue Parker's claims are legally barred because they are only brought against Defendants in their official capacity and no Defendant is considered a "person" within the meaning of 42 U.S.C. § 1983. In Parker's *pro se* response opposing dismissal, he reasserts the factual basis for his claims but does not address the legal arguments raised by Defendants.

Section 1983 makes it unlawful for "any person" acting under the color of state law to deprive another person of his civil rights. Generally, "state officials in their official capacity are not persons amenable to suit under § 1983." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Hafer v. Melo*, 502 U.S. 21, 26 (1991)). Parker does not argue that any of

his § 1983 claims are asserted against Defendants in their individual capacity.  In turn, none of the Defendants are amenable to suit in their official capacity under § 1983, and Defendants are therefore entitled to judgment on the pleadings.

## IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss and Suggestions in Support (Doc. #14) is GRANTED and Parker's complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

DATE: June 4, 2020